BARTHOLOMEW O'DOWD *vs.* CITY OF BOSTON.

Suffolk.    March 19, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Boston — Removal of Subordinate Employee "for Cause."*

Under the St. of 1885, c. 266, § 5, providing that officers and boards of the city of Boston may remove their subordinates "for such cause as they may deem sufficient and shall assign in their order for removal," such a subordinate may summarily be removed by them, without a hearing, upon assigning the cause thereof in the order of removal.

A subordinate employed on the East Boston ferries was discharged by the superintendent, and the board of directors subsequently passed an order reciting that "a communication from the superintendent was received that he had discharged" such person "for intoxication while on duty; on motion, the action of the superintendent was approved." *Held,* that there was a sufficient order for the removal of such subordinate.

CONTRACT.    The declaration was as follows:

"And the plaintiff says: 1. This is an action of contract, brought to recover compensation for services as a deck hand on a ferry-boat in charge of the city of Boston, at the rate of sixty-five dollars per month, from October 22, 1886, to the date

of the writ. 2. On or about December 18, 1883, the plaintiff was duly appointed by the board of directors of East Boston ferries a deck hand on said ferries. 3. On the nineteenth day of October, 1886, about midnight, while the plaintiff was employed as such deck hand, he received from the superintendent of East Boston ferries the following notice: ' October 19, 1886. Bartholomew O'Dowd, Boston. Sir, You are hereby discharged from the service of the East Boston ferries. Respectfully, H. P. Arbecam, Superintendent.' 4. At a meeting of the said board of directors held on October 22, 1886, at nine o'clock A. M., the following appears as of record: ' A communication from the superintendent was received, that he had discharged, October 20, 1886, Bartholomew O'Dowd, deck hand, for intoxication while on duty. On motion, the action of the superintendent was approved.' This action of the board was communicated to the said O'Dowd, who thereupon filed with the clerk of said board, at eleven o'clock A. M. of said day, a petition in writing for a hearing before the board. 5. The board of directors of East Boston ferries is a board included under the provisions of the act of 1885, chap. 266, sect. 1. 6. Said board of directors did not give, and have never since given, the plaintiff an opportunity to appear before it to answer to the said charge of intoxication, and no order of removal of said O'Dowd was made by said board except as hereinbefore stated. 7. The defendant since said nineteenth day of October, 1886, has never tendered the plaintiff an opportunity to render services as aforesaid, and the plaintiff, although he has never offered to do so, has at all times been ready and willing to render such services, and has at times engaged in other employment. 8. And the plaintiff says the defendant owes him for services, as aforesaid, the sum of sixteen hundred and ninety dollars."

The defendant demurred to the declaration, on the ground that it did not set forth a legal cause of action.

The Superior Court sustained the demurrer, and ordered judgment for the defendant. The plaintiff appealed to this court.

*A. J. Bailey,* for the defendant.

*J. M. Hall,* for the plaintiff.

W. ALLEN, J. It was admitted by the defendant that the plaintiff was a subordinate legally appointed by the board of

directors of the East Boston ferries, and that the power of the board to remove its subordinates was fixed by the St. of 1885, c. 266, § 5, which provides that such board " may remove such subordinates for such cause as they may deem sufficient and shall assign in their order for removal." It insists that the declaration shows that the plaintiff was duly removed from his position as deck hand on the ferry-boat.

The plaintiff contends that no order for his removal was made by the board. The approval by the board of the action of the superintendent reported to it was a sufficient order for removal. The removal dated from the order of the board, and not from the action of the superintendent. The recital that the superintendent had reported that he had discharged the plaintiff for drunkenness was the statement of the cause of the removal which the board made by approving the action of the superintendent. Whether the order was legal and effected the removal must depend upon the validity of the other objection presented by the plaintiff, that no opportunity was given him to be heard before the order was passed. The plaintiff contends that the statute requires that a removal shall be for cause; that the statute imports that there shall be charges stating the cause of removal, and a hearing and adjudication upon them; and that the words " for cause " have acquired a technical meaning, in which it will be presumed the Legislature used them. But the words as used in the statute are connected with and qualified by other words, and whether in that connection they have the meaning contended for by the plaintiff must be determined by all the language of the statute.

One meaning which may be given the statute is, that it authorizes the board to remove for any cause which, upon hearing and adjudication, it determines to be sufficient, and which it shall assign in an order for removal; and another meaning is, that it may remove for any cause which, with or without charges or hearing, it deems sufficient, and which it shall assign in the order for removal. We think the latter is the true meaning. The language of the statute indicates that it did not intend to require charges and a hearing. It is not to be at the discretion of the board for cause shown, which might have implied that there should be a hearing and adjudication, but it is to be for

such cause as the board shall deem sufficient, and this does not seem to contemplate a formal adjudication. If it was intended that the removal was to be upon charges and an adjudication, there was no occasion to say more than that it was to be for cause, and especially none for the requirement of an order for removal in which the cause should be assigned. There must be a cause in fact for every removal, though in a removal at pleasure no cause need be given, and none can be judicially known. The intention of the statute seems to be to qualify a removal at pleasure, by requiring a record to be made of the cause. The statute applies to all the departments of the city government, and while this construction of it would not impair the vigor and efficiency of administration, its effect in discouraging dismissals for insufficient or improper causes is manifest.

The same intention appears in considering the change made in the law by the statute. Before the statute, it may be said, in general, that the dismissal of subordinates employed by the different departments and officers of the city was not regulated by statute, and that removals from office regulated by different statutes were generally at pleasure. As is correctly said in the plaintiff's brief, " It would seem that it had been the policy of the law to allow perfect freedom of removal as an incident of the appointing power, except in a few cases where certain emoluments went with the office, or where for other reasons a more fixed tenure was found necessary." The statute in question, amending the city charter, besides giving to the mayor the appointment of city boards and officers which had been elected by the city council or board of aldermen, and giving to boards and officers the appointment of their subordinates, made several important changes in the power of removal. It enlarged the scope of former statutes by regulating the removal of subordinates — which word the city ordinances declare includes employees and laborers (Revised Ordinances of 1885, c. 4, § 19) — appointed by boards and officers; it made the mayor the appointing power, and the different boards and officers the removing power; it fixed one uniform rule in regard to all officers appointed by the mayor, and all subordinates appointed by the different boards and officers, which was that they might be removed for such causes as were deemed sufficient by the

removing power, and as should be assigned in the order for removal. The statute certainly does not prohibit a hearing before removal, nor limit the discretion of the removing power to give a hearing; but the question is whether it makes a hearing a necessary condition of a removal.

In adopting a new rule applicable to all cases, we do not think that the language of the statute indicates an intention to adopt the former rule of removal at pleasure, or the former exception to it of a technical removal for cause, but to allow summary removals without hearing, with the condition that the cause of the removal should be put on record. This would naturally have an effect to prevent improper removals, and, in case of a removal for a cause for which it could not lawfully be made, would make redress possible, giving to the person removed the same remedy he would have had if the removal had been for satisfactory cause found after a hearing. It may be doubted whether there would be much benefit to either officers or subordinates in a compulsory hearing before an absolute power, which would not voluntarily give a hearing when justice required it. With or without a hearing, there is a record of the cause of removal, and the appeal in either case is to public opinion. We cannot find in the language or reason of the statute the intention to establish the rule that officers and employees of the city should be removed or discharged only after charges made and a trial had upon them.

*Judgment for the defendant affirmed.*