ATTORNEY GENERAL *vs.* DANIEL J. DONAHUE.

SAME *vs.* CHARLES CALLAHAN.

SAME *vs.* JAMES H. CAHILL.

Middlesex.   May 18, 1897. — June 15, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Quo Warranto — Statute — City Charter — Power of City Council to remove
from Office — Evidence.*

Under St. 1896, c. 415, entitled "An Act to amend the charter of the city of Lowell," the city council of that city may remove an executive or administrative officer without a hearing, or without assigning a reason therefor.

Upon an information in the nature of a *quo warranto*, against a person usurping an office from which he has been removed by the city council of the city of Lowell, under St. 1896, c. 415, evidence that in making the removal the city council acted on partisan grounds is inadmissible.

Whether the omission to post a copy of an order of removal of an officer by the city council of the city of Lowell, in accordance with a rule of that body which provides that, "with the exception of an order for a joint convention, any order originating in the common council shall be copied, and shall, previous to the hour for calling the meeting to order, be posted in some prominent place in the council chamber, where it may be open to inspection by the members," affects the validity of such removal, *quære;* there having been an attempted compliance with the order after objection was taken, and the objection not having been pressed further, *held* that the removal was valid.

THREE INFORMATIONS in the nature of a *quo warranto*, alleging that the defendants, Donahue, Callahan, and Cahill, had usurped the office of city solicitor, superintendent of streets, and city messenger of the city of Lowell, respectively.

The cases were heard by *Allen*, J., on the pleadings and agreed statements of facts ; and, in the cases of Donahue and Cahill, evidence that the action of the city council in removing them from office was based on partisan grounds was offered by the defendants, and excluded.

In the first case, the statement of agreed facts alleged, in substance, that on January 6, 1896, Francis W. Qua was, by the city council of the city of Lowell, duly elected city solicitor of that city pursuant to an ordinance of the city of Lowell, which provided " there shall be chosen annually in the month of January or February, and whenever a vacancy occurs, by concurrent vote of both branches of the city council, a city solicitor who shall enter upon the duties of' his office on the first day of March in each year, and he shall hold his office for the term of one year from the time of entering upon the duties thereof, and until his successor is appointed or he is removed ; and the said city solicitor may be removed at the pleasure of the city council "; that on the first day of March, 1896, Qua entered upon the performance of his official duties, which he had continued to perform until the time of filing of the information ; that on January 4, 1897, the city council, pursuant to the same ordinance, by a concurrent vote of both branches re-elected Qua city solicitor for one year from the first day of March thereafter ; that on February 19, 1897, the mayor, purporting to act pursuant to the authority of St. 1896, c. 415, § 1, appointed the defendant to be city solicitor for one year from the first day of March, 1897 ; that on March 9, 1897, by a joint order originating in the board of aldermen, and adopted in concurrence by the common council, the defendant was by a two thirds yea and nay vote removed from the office of city solicitor ; and that, although on March 10, 1897, the defendant was notified by the city clerk of such removal, he claimed to be the duly authorized city solicitor, and under such claim he made a demand upon Qua for the books and records pertaining to the office, and interfered with the management and conduct of actions pending in the courts to which the city of Lowell was a party.

In the second case, the agreed statement of facts alleged, in substance, that, acting under authority of St. 1896, c. 415, the mayor of the city of Lowell on February 19, 1897, appointed

the defendant to the office of superintendent of streets, and that thereafter on March 2, 1897, the city council, purporting to act under the authority of an ordinance of the city of Lowell, which provided that " there shall be chosen annually in the month of January or February, and whenever a vacancy occurs, by concurrent vote of both branches of the city council, a superintendent of streets, . . . who shall hold their respective offices until their successors are chosen or they are removed, and the said superintendent of streets . . . may be removed at the pleasure of the city council," by a joint order originating in the common council and adopted in concurrence in the board of aldermen, by a two thirds yea and nay vote removed the defendant from the office of superintendent of streets, and on March 9, 1897, by concurrent vote of the city council elected one Fowler to be superintendent of streets ; but that the defendant, although notified of his removal, assumed to perform the duties of such office, and refused to surrender the same to Fowler.

In both the first and second cases it appeared that, upon the introduction into the common council of the order for the removal of Donahue, the objection was raised that a copy of the order had not been posted in accordance with a rule of that board that any joint order originating there, except an order for a joint convention " shall be copied, and shall, previous to the hour for calling the meeting to order, be posted in some prominent place in the council chamber, where it may be open to the inspection of the members." The point was sustained in Callahan's case, and thereupon the council took a recess, during which, by direction of the president, the order for the removal of officers was posted in the hallway outside the council chamber upon the bulletin board. After the recess, the point was overruled in Donahue's case, and the orders of removal in both cases were then adopted.

In the third case the statement of agreed facts alleged that on January 4, 1897, the mayor of the city of Lowell, acting pursuant to the St. 1896, c. 415, appointed the defendant to the office of city messenger ; that on March 9, 1897, by an affirmative two thirds vote of the city council, the defendant was, upon a joint order introduced in the common council, and adopted in concurrence by the board of aldermen, removed from the office of city

messenger, and on the same day one Going was, by a concurrent vote of both branches of the city council, elected to the office of city messenger; that in making such removal the city council purported to act under the authority of an ordinance of the city of Lowell, which provided " there shall be chosen annually by ballot in the month of January, by concurrent vote of both branches of the city council, a city messenger, who shall enter upon his duties on the first Monday of February, and he shall be removable at the pleasure of the city council "; that, although the defendant had been notified of his removal, he refused to deliver the keys of his office and the property in his custody to his successor; that if competent, it could be shown by evidence dehors the records, that the order for the removal of the defendant was not copied and posted in the council chamber prior to the meeting at which it was introduced, pursuant to a rule of that body, but that it was copied and posted during a recess of the common council before action had been taken thereon; and that the objection was not raised while the order was under consideration, although it had previously been raised while a similar order for the removal of another officer was under consideration at the same meeting, and had been overruled by the chair.

The presiding judge reserved the cases for the consideration of the full court.

*D. J. Donahue*, for the defendants in the first and third cases.

*T. J. Gargan & P. J. Farley*, for the defendant in the second case.

*F. N. Wier*, (*F. W. Qua* with him,) for the plaintiff.

HOLMES, J.   It is not necessary to consider whether the appointments were valid or not, since we are of opinion that, if they were valid, the defendants were removed from office effectually by the two thirds yea and nay vote of the city council.   By St. 1896, c. 415, § 2, the power of the city council to remove was separated from the power to appoint, which, by construction of the same act, was held to be given to the mayor.   *Attorney General* v. *Varnum*, 167 Mass. 477.   There is no indication that the power to remove, given to the city council, was part of a scheme of which the mayor's power to appoint was another essential part, in such a sense that if the latter fell the former

would fall with it. As the power of the city council to remove was neither incident to the power of appointment nor dependent upon its continuing unchanged, it follows that it was not taken away by the restoration of the power of appointment to the city council by St. 1897, c. 95.

The power given by St. 1896, c. 415, § 2, is a power to remove without hearing, and without assigning a cause. First, the statute gives the mayor a power to remove "for such cause as he shall deem sufficient," which is a power to remove without hearing; *O'Dowd* v. *Boston*, 149 Mass. 443; but his order is not to take effect until approved by the city council. The section then goes on: "The city council may, by a two thirds vote in each branch, voting by yeas and nays, remove any of said officers without the consent of the mayor." This gives the city council the same right as the mayor to remove without hearing; and whereas the mayor is required to set forth the reasons for removal in his order, and is forbidden to remove upon partisan grounds, no such requirement or prohibition is imposed upon the city council, where both would be more difficult of application. We are of opinion that the city council was not bound to set forth its reasons in its order, and that evidence that it acted on partisan grounds was inadmissible, and properly was rejected. Of course, our decision goes wholly on the construction of the particular statute, and not on any general view as to the powers of such bodies when the statutes are silent.

What we have said disposes of the case of Donahue, where the order of removal originated in the board of aldermen. In the other two cases, the order originated in the common council, and, by a rule of that board, any joint order originating there, except an order for a joint convention, "shall be copied, and shall, previous to the hour for calling the meeting to order, be posted in some prominent place in the council chamber, where it may be open to the inspection of the members." This was not done, and an objection being taken when the first of the two orders was introduced, the council took a recess, and the orders were posted in the hallway outside the council chamber, upon a bulletin board, before any action upon them. After the recess the objection was raised again in the case of Donahue, to which, as we have said, it was not applicable, and nothing further was done with

reference to the others.   Taking this into account, and considering the doubt whether the order as to copying and posting should be regarded as more than directory, in view of its nature, we are of opinion that this objection also fails.

*Judgment of ouster.*