WILLIAM A. SIMS vs. POLICE COMMISSIONER FOR THE CITY OF BOSTON.

Suffolk. November 23, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Municipal Corporations. Boston. Police. Veteran. Civil Service. Mandamus. Laches.*

A janitor of a police station in Boston is not a police officer nor a member of the police department of that city, and the provision of St. 1878, c. 244, § 3, that officers or members of the police department may be removed by the board of police commissioners "for cause," creates no limitation on the power to remove such a janitor. The power of the police commissioners in this regard has not been abridged by St. 1885, c. 323.

St. 1885, c. 266, § 5, providing that the officers and boards of the city of Boston appointed under the amended charter of that city may remove their subordinates "for such cause as they may deem sufficient and shall assign in their order for removal," does not apply to a removal made by the board of police commissioners, who are appointed by the Governor of the Commonwealth and are not officers or a board of the city of Boston.

The provision of St. 1896, c. 517, § 5, now embodied in R. L. c. 19, § 23, that no veteran holding an office or employment in the public service of a city or town shall be removed except after a full hearing, applies only to veterans who hold offices or employments under the statutes and rules relating to the civil service, and does not apply to the removal of a person employed as the janitor of a police station in Boston before such employment was included in the list of positions to be filled by certificates from the board of civil service commissioners, and where the person removed never had been registered in the office of that board as a veteran or had been certified for appointment.

A veteran employed by a city from a certified list under the statutes and rules relating to the civil service, if removed without a full hearing in violation of R. L. c. 19, § 23, is entitled to a writ of mandamus ordering his reinstatement, and a petition for such a writ filed a little more than two years and one month after the removal is not barred by laches as a matter of law for that reason only.

PETITION, filed on May 14 and amended on May 22, 1906, for a writ of mandamus addressed to Charles H. Cole, Jr., Harry F. Adams and W. H. H. Emmons, the board of police commissioners for the city of Boston, to compel the reinstatement of the petitioner as the janitor of police station No. 5 in Boston, from which employment he was removed on April 15, 1904, the petitioner by his amendment being alleged to be a veteran of the civil war within the meaning of R. L. c. 19, § 20.

The respondents alleged in answer to the petitioner's amendment that the petitioner before July 1, 1905, was not registered in the office of the civil service commissioners as a veteran, and that those commissioners had not before July 1, 1905, included in the list of positions to be filled by their certification that of janitors of police stations in the city of Boston.

By an amendment, filed and allowed by consent on June 6, 1906, Stephen O'Meara, the police commissioner for the city of Boston, was substituted as respondent for the respondents originally named.

The case came on to be heard by *Sheldon*, J. upon the pleadings and an agreed statement of facts. The justice reserved the case for determination by the full court, a writ of mandamus to reinstate the petitioner, with payment of back wages or salary, to issue if the petitioner was wrongfully discharged, or such other order to be made as justice might require.

The agreed statement of facts was as follows :

1. That. the petitioner was lawfully employed to do the usual work of a janitor at police station No. 5 in Boston from 1884, and so worked until April 14, 1904, and received as compensation $12.70 per week.

2. That on or about April 15, 1904, by an oral order or direction of commissioner Harry F. Adams, the petitioner was told by Captain O'Lalor that he was to be discharged, another man was put in his place, and the petitioner has been trying to be reinstated ever since.

3. That no written order of discharge or removal with the causes therein assigned ever was given to the petitioner or recorded in the records of the board of police, or any hearing given to the petitioner.

4. That previous to his discharge the petitioner had been informed that his work as janitor at police station No. 5 was unsatisfactory.

5. That the petitioner is a veteran of the civil war, having served in the army of the United States during the war of the rebellion and having been honorably discharged therefrom.

6. That the board of civil service commissioners had not, before July 1, 1905, included in its lists of positions to be filled by

its certification that of janitors of police stations in the city of Boston, and that the petitioner had never at any time before his discharge been registered in the office of that board as a veteran, nor certified by it for appointment, but has been duly registered since July 1, 1905, as janitor.

7. That the rules of the board of civil service commissioners, if competent, may be referred to.

The case was submitted on briefs.

*B. F. Briggs*, for the petitioner.

*L. A. Rogers*, for the respondent.

SHELDON, J.   The petitioner was in no sense a police officer. The ordinary duties of a janitor at a police station are in no respect similar to those of a police officer.   He was not a member of the police department.   His appointment does not come within the provisions of St. 1878, c. 244, § 3 ; and the limitation imposed upon the power of removal of the officers or members of the police department was not created for his benefit, and is not available for his protection.   The doctrine of *Ham* v. *Boston Board of Police*, 142 Mass. 90, cannot be applied in this case. The St. of 1885, c. 323, contains nothing to prevent the board of police of Boston from discharging one of their employees whenever in their judgment it might be advisable to do so ; nor has our attention been called to any subsequent legislation having this effect, unless it be found in the statutes regulating the civil service and fixing the right of veterans presently to be considered.   *O'Dowd* v. *Boston*, 149 Mass. 443.   *Attorney General* v. *Donahue*, 169 Mass. 18.

The petitioner was not protected by the provisions of St. 1885, c. 266, § 5, that officers and boards of the city of Boston may remove their subordinates " for such cause as they may deem sufficient and shall assign in their order for removal," because the police commissioners were not officers or a board of the city of Boston, but were appointed by and were responsible to the Governor of the Commonwealth.   *Commonwealth* v. *Plaisted*, 148 Mass. 375, 383, *et seq.   Phillips* v. *Boston*, 150 Mass. 491, 494.

But it is contended that the petitioner was a " veteran holding an office or employment in the public service " within the meaning of St. 1896, c. 517, § 5, now embodied in R. L. c. 19, § 23, and accordingly could not be removed without the hearing pro-

vided for in that section. But the difficulty with this position is that, as appears by the agreed facts, the board of civil service commissioners did not, until after the petitioner's discharge, include the petitioner's employment in its list of positions to be filled by its certification, nor had the petitioner before his discharge been registered in the office of the board as a veteran or been certified by it for appointment; and this petition must be determined upon the facts which existed at the time of his discharge. *Ayers* v. *Hatch*, 175 Mass. 489, 490. It was said in that case by Morton, J., referring to the St. of 1896, c. 517 : "It is plain, it seems to us, that the statute was intended to provide for the preference of veterans in the offices and employments coming within the scope of St. 1884, c. 320, commonly known as the civil service act, and the acts in amendment thereof, and that the provisions of § 5 apply to veterans who hold offices and employments under and pursuant to the statutes relating to civil service and the rules established by the civil service commissioners. Section 1 defines the word 'veteran' as used in the act. Sections 2, 3 and 6 relate to the examination and appointment of veterans to positions 'in the public service classified under chapter three hundred and twenty of the acts of the year eighteen hundred and eighty-four and acts in amendment thereof and the civil service rules thereunder, subject to such rules,' and to their employment ' in the labor service of the Commonwealth and of the cities and towns thereof' under rules established by the civil service commissioners. Section 4 contains directions to the commissioners respecting the preparation of lists of applicants for positions in the public service who have passed the examinations, and of those who have been certified for appointment or employment. Then comes § 5, and it seems to us that it would be wresting it from its connection and giving to it an effect that it was not intended to have to hold that it was intended to apply to any veteran who was in the public service of a town or city in an office or employment of a civil nature. The more reasonable construction is, we think, that it was intended to prevent the removal or suspension or transfer without his assent and without a full hearing of a veteran who had been appointed under the statutes and rules relating to the civil service ; thus continuing to him after his appointment the same preference over others

who were not veterans, as before his appointment." And see *Johnson* v. *Kimball*, 170 Mass. 58.

If any part of the petitioner's salary or wages has been unjustly detained from him, he has a full remedy for the recovery thereof; but he shows no right to a mandamus to reinstate him in the position from which he has been discharged. We do not doubt, however, that, if the petitioner had the rights which he claims, mandamus would be a proper remedy for their enforcement; nor could we say that he was barred by laches. *Ransom* v. *Mayor of Boston, ante*, 537.

*Petition dismissed.*