# STATE EX REL. RICHARD MARTIN v. CITY OF MINNEAPOLIS AND OTHERS.[1]

## October 26, 1917.

## No. 20,487.

**Municipal corporation — discharge of street commissioner — certiorari will not lie.**

Under Laws 1913, c. 105, p. 120, § 11, providing that the city council of Minneapolis shall have the power to discharge at will any subordinate employee, but that the discharge shall be forthwith reported in writing, together with the cause thereof, to the civil service commission, the act of the council in discharging a street commissioner is not a judicial or quasi-judicial act, and certiorari will not lie to review it.

[1]Reported in 164 N. W. 806.

Upon the relation of Richard Martin, the district court for Hennepin county granted its writ of certiorari directed to the city of Minneapolis, the city council and others, to review the proceedings of the council in relation to relator's discharge from his office of street commissioner. Defendant's motion to quash the writ was granted, Steele, J. From the order discharging the writ, relator appealed. Affirmed.

*Willoughby M. Babcock* and *Walter Hennessey,* for appellant.

*C. D. Gould,* City Attorney, *William H. Morse* and *R. S. Wiggin,* Assistant City Attorneys, for respondents.

Bunn, J.

On January 6, 1913, Richard Martin was appointed street commissioner of the Twelfth ward of the city of Minneapolis by the common council of that city. Laws 1913, p. 116, c. 105, known as the "Civil Service Act", classified employees of the city of Minneapolis, and Martin's employment as street commissioner became governed by this act. February 23, 1917, the city council by resolution declared the office of street commissioner of the Twelfth ward vacant after the first day of March, 1917, and appointed one Rudsdil to fill the position temporarily until an examination for the selection of a successor might be held by the civil service commission. March 1, 1917, on the petition of Martin, as relator, a writ of certiorari was issued by the district court requiring respondents to certify and return to the court March 10, 1917, all the records and proceedings of the council relating to the matter of relator's discharge from the position of street commissioner. The respondents other than Rudsdil moved to quash the writ. The court granted the motion and relator appealed to this court.

The decision of the trial court was made on the ground that the action of the council in removing relator from the office of street commissioner was not a judicial or quasi-judicial act, and therefore was not subject to review on certiorari. If the court's premises are correct, there can be no doubt that its conclusion is. The sole question on this appeal is whether the action of the council in removing relator was a judicial or quasi-judicial act. If not it is elementary that certiorari will not lie.

Section 11 of the so-called Minneapolis Civil Service Law (Laws 1913, p. 120, c. 105), is the important one on this appeal. It is as follows:

"The mayor, the city council, and each board, commission or appointing or employing officer of the city, shall have power to remove and discharge at will any subordinate employee, unless restricted by law other than this act, but such removal or discharge shall be forthwith reported in writing, together with the cause thereof, to the commission and the city comptroller. Such report shall be made when the reason is lack of work, as well as in other cases."

It is not claimed that the city council was "restricted by law other than this act" from discharging relator. The quoted section plainly says that the council had power to discharge relator at will. He was not entitled to a hearing, nor to be notified before the council should act of the cause of the proposed action. This is very clear, and is conceded. There is nothing of a judicial or quasi-judicial nature in this action of the council, unless the provision that "such removal or discharge shall be forthwith reported in writing, together with the cause thereof," etc., gives some judicial quality to the act of removal. We are unable to see anything judicial or quasi-judicial in the act of making the report, even if it be considered part of the action removing the employee. If the employee has any interest in the report, and he may have, his remedy is not certiorari but mandamus. The case of State v. McColl, 127 Minn. 155, 149 N. W. 11, is clearly distinguishable. The St. Paul charter provided that the comptroller should frame rules subject to the approval of the council, "which rules shall provide for discharge * * * only when the person * * * discharged * * * has been presented with the reasons for such discharge, specifically stated in writing, and has been allowed a reasonable time to reply thereto in writing." It was held that this provision contemplated that removals should be made only for some cause touching the fitness and qualifications of the officer to discharge the duties of his office, to be determined by the removing officer and therefore that his determination is quasi-judicial and may be reviewed on certiorari. In the present case the law does not require that the employee shall be presented with the reasons for his discharge, or allowed time to reply thereto, or that the removal shall only be for some cause touching the fitness of the employee. The other cases cited by relator are no more in point. They, like the McColl case, are all cases where the removing officer could not remove at will, but was obliged to decide the quasi-judi-

cial question whether cause for removal existed. Here the council may remove its employee at will. There is no notice, no hearing, and no judicial determination that a cause for removal exists. The cases are all cited in the McColl case, and we need not cite them here. The case of O'Dowd v. City of Boston, 149 Mass. 443, 21 N. E. 949, is most like the present case. The reason for requiring the discharge and the cause thereof to be reported to the commission and the comptroller is found in the provisions of the act requiring records of all employees to be kept.

We agree with the trial court that the act of the council in removing relator was not a judicial or quasi-judicial act, and is therefore not subject to review on certiorari.

Order affirmed.