GEORGE E. LACY *vs.* SELECTMEN OF WINCHENDON.

Worcester. September 26, 1921. — November 23, 1921.

Present: RUGG, C. J., DE COURCY, CARROLL, & JENNEY, JJ.

*Municipal Corporations,* Officers and agents. *Civil Service. Mandamus.*

The selectmen of a town which has not authorized the election of road commissioners or surveyors of highways under G. L. c. 41, § 66, may remove from office, without a notice or a hearing, one, previously appointed by them as superintendent of streets or acting superintendent of streets, for the reason, stated by them in a resolution as to the removal, that "in the opinion of this Board the public interests require" such removal; and such order of removal for the cause stated cannot be revised upon a petition for a writ of mandamus commanding the selectmen to reverse and cancel the order.

PETITION, filed on June 4, 1921, for a writ of mandamus commanding the respondents, selectmen of the town of Winchendon, to reverse and cancel their order of May 14, 1921, removing the petitioner from an office to which he was appointed on March 19,

1921, "whether the appointment above referred to is construed as an appointment of an acting superintendent of streets or a superintendent of streets under the statute."

The respondents filed an answer. Facts were agreed upon and are described in the opinion. The case came on to be heard by *Crosby,* J., and by him was reserved for determination by the full court.

*H. W. Blake,* for the petitioner.

*J. A. Stiles,* (*A. F. Evans* with him,) for the respondents.

CARROLL, J. In this petition for a writ of mandamus against the selectmen of the town of Winchendon, the petitioner seeks to be reinstated in the office of superintendent of streets, from which office he has been removed by the respondents. On June 22, 1920, the petitioner was appointed, by the board of selectmen then in office, "acting" superintendent of streets for the term ending March, 1921. On March 19, 1921, he was reappointed "acting" superintendent of streets, the term to expire March, 1922. On May 3, 1921, the respondents appointed one Peabody superintendent of streets and notified the petitioner of the appointment and that Peabody would relieve him as acting superintendent on May 9. The petitioner claimed he had not been legally removed and daily presented himself for duty. On May 14, 1921, the selectmen, without notice to him, and without filing charges against him or giving him a hearing, unanimously passed a resolution declaring that "in the opinion of this Board the public interests require that George E. Lacy, appointed by this Board March 19, 1921, as acting superintendent of streets, be removed from said office;" and thereafter voted unanimously that he be removed as acting superintendent of streets, for the reasons set forth in the "foregoing resolution just adopted."

The town of Winchendon has not authorized the election of road commissioners or surveyors of highways, and the appointment and removal of a superintendent of streets was governed at the time the proceedings complained of took place, by St. 1917, c. 344, Part IV, § 13 (see now G. L. c. 41, § 66), which provides that a superintendent of streets shall be appointed by the selectmen and "shall be removable by them when the public interest requires." The petitioner contends that he could not be removed for the cause alleged, without notice and a hearing.

Assuming, but not deciding, that the appointment as acting

superintendent of streets was in effect the appointment of the·
petitioner to the office of superintendent of streets, in our opinion
it was not necessary to file charges, serve notice on him or give
him a hearing before removing him from office for the cause
stated in the statute. If the selectmen found that the public
interest required his removal they could, under the authority of
the statute, remove him. St. 1917, c. 344, Part IV, § 13. In
*Ham* v. *Boston Board of Police*, 142 Mass. 90, the controlling
words of the statute were that "Any of said officers or members
of the department may be removed by the board for cause." The
statute related to the police force of Boston. The plaintiff was
removed without notice or hearing. The court held that the
removal without notice and hearing was invalid and the words in
the statute "for cause" meant "for such cause as seems to it
[the board] sufficient, after the party has had notice and an oppor-
tunity to be heard in defence or explanation of whatever may be
suggested as a cause of removal."

In *O'Dowd* v. *Boston*, 149 Mass. 443, the statute provided that
the board "may remove such subordinates for such cause as they
may deem sufficient and shall assign in their order for removal."
The petitioner was a "subordinate;" he was discharged for intoxi-
cation while on duty by the superintendent of ferries, who made
report of his action and the reason for it to the board. This action
of the superintendent was approved by the board, without notice
to the petitioner. The court in its opinion held that the removal
took place on the adoption of the vote by the board approving
the action of the superintendent. *O'Dowd* v. *Boston* has been
interpreted in *Attorney General* v. *Donahue*, 169 Mass. 18, where
Holmes, J., says at page 22: "The statute gives the mayor power to
remove 'for such cause as he shall deem sufficient,' which is a power
to remove without hearing. *O'Dowd* v. *Boston*, 149 Mass. 443."

The terms of the statute here to be considered provide that
the selectmen shall appoint a superintendent of streets who "shall
be removable by them when the public interest requires." His
term of office is until the next annual meeting after his appoint-
ment or until his successor is qualified. St. 1917, c. 344, Part IV,
§ 13 (see now G. L. c. 41, § 66). This statute was first enacted in
1889. St. 1889, c. 98, § 4. It provided, "When in the judg-
ment of the selectmen the best interests of the town so requires,

said superintendent may be removed from his office by said board."
The same language was used until R. L. c. 25, § 85, took effect.
In that section the words "in the judgment of the selectmen"
were omitted. The present statute, however, should be construed
as if it now read as originally enacted. *Main* v. *County of Ply-
mouth,* 223 Mass. 66, 69. *Derinza's Case,* 229 Mass. 435, 442, 445.

Where power is given to remove "for cause" as in *Ham* v. *Boston
Board of Police, supra,* notice and a hearing are conditions which
must be complied with before the power of removal can be exer-
cised. But when power is given to remove from office for such
cause as shall seem sufficient to the removing board as in *O'Dowd*
v. *Boston, supra,* removal may be made without notice and hearing.
Removal for cause means removal for cause sufficient in law.
That can only be determined after an opportunity to be heard
and a finding so that the sufficiency of the cause may be de-
termined in court. But removal when the best interests of the
town in the judgment of the selectmen require it, places the
decision as to the sufficiency of the cause (provided it is not
irrational or whimsical, *Ayers* v. *Hatch,* 175 Mass. 489) on the
conscience and sound judgment of the board rather than upon
the law.

The words "for such cause as they may deem sufficient" and
"when in the judgment of the selectmen the best interests of
the town so requires" mean the same thing when used in a statute
relating to removals from office, or at least the power of removal
from office authorizing the removing power to act according to
their best judgment when the public interest requires it, is no
greater restriction on the freedom of action of the removing power
than the authority to remove for such cause as they may deem
sufficient.

It cannot be said that as matter of law the action of the select-
men was without sufficient cause. If in their judgment the inter-
est of the public required the removal of the petitioner, they
were given the right of removal and we cannot revise or review
their action. *O'Dowd* v. *Boston, supra. Attorney General* v.
*Donahue, supra.* And see *Ayers* v. *Hatch, supra; Hogan* v. *Col-
lins,* 183 Mass. 43, 46; *Knowles* v. *Boston,* 12 Gray, 339. The
petition for the writ of mandamus must be denied.

*Ordered accordingly.*