EUPHENIA G. RAY, administratrix, & others *vs.* MAYOR OF EVERETT & others.

Middlesex.    October 5, 1951. — January 11, 1952.

Present: QUA, C.J., WILKINS, SPALDING, & WILLIAMS, JJ.

*Everett. Municipal Corporations,* Officers and agents. *Public Officer. Words,* "For the good of the service."

The exception, "unless . . . herein otherwise provided for," to the power of the mayor of Everett to appoint and remove city officers under § 29 of the city charter, St. 1892, c. 355, refers only to officers whose election or appointment is specifically and directly otherwise provided for by the charter itself.

Members of the board of appeals of Everett established by the city council by ordinance under § 35 of the city charter, St. 1892, c. 355, are not officers whose appointment is "herein otherwise provided for" within § 29 and are subject to removal by the mayor under § 29.

The cause "for the good of the service" stated by the mayor of Everett in an order of removal of a city officer under § 29 of the city charter, St. 1892, c. 355, was sufficient.

PETITION for a writ of mandamus, filed in the Superior Court on February 6, 1950.

The case was heard by *Good,* J.

*H. E. Albert,* City Solicitor, for the respondents.

*E. J. Barshak,* for the petitioners.

Ray *v.* Mayor of Everett.

WILLIAMS, J. This is a petition for the issuance of a writ of mandamus directing that the petitioners be recognized as the "legally qualified" members of the board of appeals of the city of Everett and adjudicating that the "attempted" removal of them from office is null and void. Since the filing of the petition Stephen Ray has died and Euphenia G. Ray, administratrix of his estate, has been substituted as a petitioner.[1] The respondents are the city of Everett, the present mayor of the city, and four persons who have been nominated by him to succeed the petitioners as members of the board. In the Superior Court judgment was entered for the issuance of a writ of mandamus commanding recognition of the petitioners as "duly and legally qualified members of the board of appeals" and for the payment of specific amounts of unpaid salary found to be due them. From this judgment the respondents have appealed. The evidence, including certain documents, the authenticity of which is not in dispute, is reported.

The petitioners were appointed members of the board of appeals for definite terms by mayors whose terms preceded that of the present incumbent. They were acting at least de facto as such members on January 3, 1950. On that date each of the petitioners received from the respondent mayor the following letter: "In accordance with Section 29 of the City Charter, you are hereby removed as a member of the Board of Appeals, for the good of the service, such removal to take effect forthwith. Very truly yours, (s) Philip J. Crowley Mayor." A copy of this letter was sent to the city clerk. Thereafter the four individual respondents were appointed by the mayor as members of the board, but their appointments have not been confirmed either by the board of aldermen or by the common council. The question for decision is whether these letters or notices effected the removal of the petitioners from office.

The inhabitants of the town of Everett were incorporated as a city by St. 1892, c. 355. By the terms of its charter

---

[1] In view of our conclusion we need not discuss her standing in this proceeding.

the legislative powers of the city were vested in a city council composed of a board of aldermen and a common council. In § 29 it is provided that "The mayor shall appoint, subject to the confirmation or rejection of the board of aldermen, all the officers of the city unless their election or appointment is herein otherwise provided for. . . . Any officer so appointed may be removed by the mayor for such cause as he shall deem sufficient and shall assign in his order of removal, and the removal shall take effect upon the filing of the order therefor in the office of the city clerk and the service of a copy of such order upon the officer removed, either personally or at his last or usual place of residence." In § 35 it is provided that the city council may provide for the establishment of additional boards, the members of which shall be appointed by the mayor, and that "Every administrative officer shall unless sooner removed hold office until his successor is appointed and qualified." On August 2, 1926, following the enactment of St. 1920, c. 601 (the original zoning statute, now G. L. [Ter. Ed.] c. 40, §§ 25–30B), it was ordained by the city council that "A Board of Appeals is hereby established in accordance with the Statute authorizing such Board and shall consist of five members including a Professional Engineer, a Lawyer and a member of the Planning Board. All members of the Board of Appeals shall be citizens of Everett, and shall serve, one for the term of one year, one for the term of two years, one for the term of three years, one for the term of four years, and one for the term of five years, and thereafter one member shall be chosen annually for a term of five years to succeed the member whose term has expired. The Board of Appeals shall be selected and appointed by the Mayor subject to confirmation by the Board of Aldermen." The petitioners were appointed to the board of appeals and their appointments were confirmed under the provisions of this ordinance.

The legality of their purported removal from office depends upon the meaning of the sections of the act of incorporation or charter of the city above quoted. Provision is

made for appointment by the mayor of all officers except those whose election or appointment "is herein otherwise provided for," and the power granted to the mayor to remove "for such cause as he shall deem sufficient and shall assign in his order of removal" is limited to officers so appointed.

The petitioners contend that, having been appointed under the ordinance of 1926 which was ordained under the authority of § 35 and established the board of appeals, they are officers whose appointments are "herein otherwise provided for" and therefore that they are not removable for cause at the discretion of the mayor.

We think that the exception to the mayor's power of appointment and consequently to his power of removal refers only to officers whose election or appointment is specifically and directly otherwise provided for by the charter itself. The legislative intent is shown by the use of the restrictive word "herein." The charter permits the city council to provide for the appointment of the members of the police force by a police board or by the chief of police (§ 40) and for the appointment of members of the fire department by a fire board or by a chief engineer (§ 41). The charter also provides for the election of a city clerk by the city council (§ 12) and for the election of the school committee by the voters of the city (§ 44). Such appointments and elections are directly "herein otherwise provided for" and the offices referred to are excepted from the mayor's power of appointment and removal. The specific provisions for the appointment and election of these officers "otherwise," in the charter itself, account for the employment of the word "herein" and explain its intended meaning. *Strachan* v. *Mayor of Everett*, 326 Mass. 659, on which the petitioners rely, is not a decision contrary to this interpretation of the charter. In that case the legality of the appointment of park commissioners was at issue, and it was held that the applicability of the provisions of a general law governing their appointment which had been accepted by the town of Everett prior to its incorporation was not affected

by the adoption of the charter. It was held that the provision of § 35 permitting the city council to provide "in accordance with general laws . . . for the direction and custody of public parks" meant that the method of appointing park commissioners be that established by general law and that appointments of such officers were therefore "herein otherwise provided for." The case is not authority for the proposition that the appointments of members of additional boards established in the future by the city council are, by reason of § 35, appointments "herein otherwise provided for" by the charter.

Whether the mayor under his granted authority has proceeded lawfully in the removal of the petitioners is next to be considered. The notices of removal were properly served on the respective petitioners and copies filed with the city clerk. The cause assigned for removal in each of the notices was "for the good of the service." This is the same language employed in the notice of removal considered in *Ayers* v. *Hatch*, 175 Mass. 489, a case concerning the removal by the mayor of a member of the board of assessors of the same city. The court there said (page 492): ". . . the cause assigned was 'the good of the service,' and manifestly it seems to us, that was good ground for removal. The natural inference would be that in some respect the petitioner had failed to perform his duties or was incompetent or inefficient, or was an unsuitable person for the position to which he was appointed." In our opinion under the terms of the charter the mayor could remove without making specific charges or affording a hearing. It was so decided in *O'Dowd* v. *Boston*, 149 Mass. 443, where by statute it was provided that the board of ferry directors "may remove . . . subordinates for such cause as they may deem sufficient and shall assign in their order for removal." Citing this case Judge Holmes said in *Attorney General* v. *Donahue*, 169 Mass. 18, 22, that the statutory power "to remove 'for such cause as he [referring to a mayor] shall deem sufficient,' . . . is a power to remove without hearing." Power to remove an officer "when in the judgment of the selectmen the best interests

of the town so requires" was held in *Lacy* v. *Selectmen of Winchendon*, 240 Mass. 118, to mean the same as "for such cause as they may deem sufficient" and not to require notice or hearing. The court said that such removal "places the decision as to the sufficiency of the cause (provided it is not irrational or whimsical . . .) on the conscience and sound judgment of the board rather than upon the law"(page 121). See also *Bailen* v. *Assessors of Chelsea*, 241 Mass. 411, 413; *McKenna* v. *White*, 287 Mass. 495.

The cause assigned in the notices to the petitioners was sufficient to warrant the mayor in removing the petitioners from their offices. We think that they have legally been removed and that there was error in the judgment entered on their petition. It becomes unnecessary to consider the issue raised over the legality of their appointments.

*Judgment reversed.*

*Petition dismissed.*