# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

EDWARD R. RICCI *vs.* MAYOR OF EVERETT & others. July 1, 1955. Order sustaining demurrer affirmed. This is an appeal from an order of a judge sustaining a demurrer to a petition for a writ of mandamus in which the petitioner alleges that on June 9, 1952, he was duly appointed a member of the board of appeals of Everett; that on December 30, 1954, the mayor notified the petitioner in writing of his removal as a member of the board of appeals for the good of the service, and filed a copy of this notice with the city clerk; that on January 19, 1955, the petitioner in writing asked for written charges and a public hearing; and that the mayor ignored his request and appointed another to succeed him. The other respondents are the city of Everett and the person named to succeed the petitioner. The petitioner relies upon G. L. (Ter. Ed.) c. 40A, § 14, inserted by St. 1954, c. 368, § 2, as amended in a manner not here material, which reads in part, "Every zoning ordinance . . . shall provide for a board of appeals, which may be the existing board of appeals . . . . Any member may be removed for cause by the appointing authority upon written charges and after a public hearing." But there is nothing in the record to show that the city of Everett ever adopted a zoning ordinance under c. 40A, § 14, so that the provisions of that statute do not apply to the removal of a member of the board of appeals. "There is no judicial notice of municipal ordinances and by-laws. *Cerwonka* v. *Saugus*, 316 Mass. 152, 153." *Sunderland* v. *Building Inspector of North Andover*, 328 Mass. 638, 641. The case at bar is therefore governed by *Ray* v. *Mayor of Everett*, 328 Mass. 305.

*Joseph Bosco*, for the petitioner.

No argument nor brief for the respondents.