**Robert C. HAGOPIAN, Plaintiff, Appellee,**

v.

**Clayton TREFREY et al., Defendants, Appellants.**

**No. 80–1371.**

United States Court of Appeals, First Circuit.

Argued Dec. 1, 1980.

Decided Feb. 3, 1981.

Rehearing Denied March 23, 1981.

---

John B. Flemming, Belmont, Mass., with whom Camille F. Sarrouf, Anthony Tarricone, and Sarrouf, Murray & Daly, Boston, Mass., were on brief for defendants, appellants.

Paul F. Markham, Boston, Mass., for plaintiff, appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

The appellant selectmen appointed appellee Hagopian as town manager in January 1974 "for a term of five years in accordance with Chapter 17 of the Town Charter." Eight months later the Board voted to remove him from office and to suspend him pending final determination of the resolution. Appellee was notified of the vote and received copies of the Board's resolutions and motions. These materials included the following explanation:

1. The Board of Selectmen lack confidence in Robert C. Hagopian as Town Manager.

2. The Board of Selectmen believe that Robert C. Hagopian's performance as Town Manager has been unsatisfactory in that he has:

Failed to demonstrate a clear pattern of leadership for the town as required by Chapter 17.

Failed to communicate effectively with the Board of Selectmen and with the Town Meeting on matters important to the future of the Town.

Consistently proven to be uninformed or misinformed on the status of programs such as the two (2) million dollar sewer program currently underway.

The Board granted appellee's request for a public hearing, and adopted a final resolution of removal some time later.

Appellee then brought this 42 U.S.C. § 1983 action seeking damages for the asserted deprivation of his Fourteenth Amendment rights. Specifically he objected to the Board's failure to identify further the grounds for his removal, its failure to allow him to cross-examine Board members under oath at the public hearing, and its decision to dismiss him "without any justifiable cause or basis in fact." The case was tried before a jury, which awarded a $30,000 verdict in his favor.

■ Initially we determine whether appellee was deprived of a "property" or "liberty" interest in order to establish whether his hearing was constitutionally required. Appellee's claim of "property" in his employment "must be determined by reference to state law". *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Here the relevant state statute is the Saugus town charter, 1947 Mass. Acts ch. 17, §§ 8 & 11.* The signifi-

---

* "*Section 8. Appointment of Town Manager.* The [S]electmen elected as provided herein shall appoint, as soon as practicable, for a term of five years, a town manager who shall be a person especially fitted by education, training and experience to perform the duties of the office.... He may be appointed for successive terms of office ....

"*Section 11. Removal of Manager.* The Selectmen, by majority vote of the full membership of the board, may remove the Town Manager. At least thirty days before such proposed removal shall become effective, the Selectmen shall file a preliminary written resolution with the Town Clerk setting forth in detail the specific reasons for his proposed removal, a copy of which resolution shall be delivered to the Town Manager. The Manager may reply in writing to the resolution and may request a public hearing. If the Manager so requests, the Board of Selectmen shall hold a public hearing, not earlier than twenty days nor later than thirty days after the filing of such request. After such public hearing, if any, otherwise at the expiration of thirty days following the filing of the preliminary resolution, and after full consideration, the Selectmen by a majority vote of the full membership of the Board may adopt a final resolution of removal. In the preliminary resolution, the Selectmen may suspend the Manager from duty, but shall in any case cause to be paid to him forthwith any unpaid balance of his salary and his salary for the next three calendar months following the filing of the preliminary resolution."

cant aspect of the charter, from the standpoint of a property right, is that town managers can be dismissed without cause. Under Massachusetts law a mere requirement that reasons be stated does not mean they must be sufficient to constitute legal cause, or even that they be true. *Fabrizio v. City of Quincy*, Mass.App.Ct.Adv.Sh. 991, 993, —— Mass.App. ——, 404 N.E.2d 675, 676–77 (1980). Manifestly this confers no property interest. Requiring a hearing, without the necessity of establishing a cause, stands no higher. "With or without a hearing, there is a record of the cause of removal, and the appeal in either case is to public opinion." *Id.*, quoting *O'Dowd v. Boston*, 149 Mass. 443, 447, 21 N.E. 949 (1889). *See Bishop v. Wood*, 426 U.S. at 345–47, 96 S.Ct. at 2077–78. In other words, we view the statutory notice and hearing requirements as serving two purposes: first, that an articulated and facially invalid reason such as racial discrimination be quickly identified; and second, that employees have an opportunity, should they feel that the reasons proffered were unsupported or not the real reasons, to put their case to the public via a hearing. *See Fabrizio*, Mass.App.Ct.Adv.Sh. at 993 & n.3, —— Mass.App. at ——, 404 N.E.2d at 677 & n.3 (1980). In view of the hearing's limited purpose, there is no constitutional right in how it is conducted.

Since the town's contractual notice of employment incorporated the statutory terms, appellee similarly can claim no property entitlement arising from contract, as a matter apart from Massachusetts statutes. Neither does appellee demonstrate an infringement upon a cognizable "liberty" interest, since the Board's charges were not of the "serious and specific" nature that the cases have required. *Ventetuolo v. Burke*, 596 F.2d 476, 484 n.13 (1st Cir. 1979). There being neither a property nor a liberty interest at stake here, we need not consider further his contentions that the process he received was inadequate. *See Burns v. Sullivan*, 619 F.2d 99, 104 (1st Cir. 1980).

*Reversed.*