USCA1 Opinion

 

 [NOT FOR PUBLICATION -- NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1857

 CYNTHIA G. KRUGER,

 Plaintiff, Appellant,

 v.

 PETER H. CRESSY, BENJAMIN F. TAGGIE, GEORGE S. SMITH, 
 SHARON SKEELS-CONNORS, DIANA HACKNEY, and JOHN LAUGHTON,
 
 Defendants, Appellees.
 
 
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. Douglas P. Woodlock, U.S. District Judge]
 
 
 
 Before
 
 Stahl, Circuit Judge,
 Cyr, Senior Circuit Judge,
 and Lipez, Circuit Judge.
 
 
 
 
 Margaret A. Ishihara, with whom Fleming & Ishihara was on
brief, for appellant.
 Geoffrey B. McCullough, Associate Counsel, University of
Massachusetts, with whom Terrence P. O'Malley, General Counsel, was
on brief, for appellees.

January 4, 2000

 
 
 LIPEZ, Circuit Judge. Cynthia Kruger, a professor of
education at the University of Massachusetts Dartmouth, brought
this action pursuant to 42 U.S.C. 1983 against six University
officials. Kruger alleged that her due process and First Amendment
rights were violated when she was removed from her position as
chairperson of the Education Department and suspended, with pay,
from teaching for the fall 1999 semester. The district court
denied Kruger's motion for a preliminary injunction, and she now
appeals.
 Kruger requested an injunction to prevent or rescind her
removal as department chairperson and her suspension for the fall
1999 semester. Because the fall semester has ended, the issue of
Kruger's suspension is moot. See Newspaper Guild v. Ottoway
Newspapers, Inc., 79 F.3d 1273, 1277 (1st Cir. 1996) ("An appeal
from the denial of a motion for a preliminary injunction is
rendered moot when the act sought to be enjoined has occurred."). 
We will therefore dismiss her appeal in part. See id. at 1285 &
n.15 (dismissing in part appeal from denial of preliminary
injunction where one of two issues was moot on appeal). Because
Kruger's request to be restored to her position as department
chairperson is not moot, we will address the merits of her appeal
on that issue.
 To obtain a preliminary injunction, Kruger had to show
that (1) she was substantially likely to succeed on the merits of
her claim; (2) absent the injunction there was a significant risk
of irreparable harm; (3) the balance of hardships weighed in her
favor; and (4) the injunction would not harm the public interest. 
See Lanier Prof'l Servs., Inc. v. Ricci, 192 F.3d 1, 3 (1st Cir.
1999). In a carefully-reasoned opinion, the district court
considered all four parts of the test. In our review, which is for
abuse of discretion, see id., we need only reach the first part in
deciding to affirm the denial of the preliminary injunction.
 Kruger claimed that her removal from the chair of the
Education Department deprived her of a property interest without
due process. The district court found that she had no
constitutionally-protected property interest in her position as
department chairperson. "To have a property interest in a benefit,
a person clearly must have more than an abstract need or desire for
it. He must have more than a unilateral expectation of it. He
must, instead, have a legitimate claim of entitlement to it." 
Board of Regents v. Roth, 408 U.S. 564, 577 (1972). As a general
rule, a public employee has a legitimate claim of entitlement to
her position if she can be discharged only "for cause," and not if
she holds her position "at will." See, e.g., King v. Town of
Hanover, 116 F.3d 965, 969 (1st Cir. 1997). Whether in a given
case dismissal is allowed solely for cause is a matter of state
law. See Cummings v. South Portland Housing Auth., 985 F.2d 1, 2
(1st Cir. 1993). 
 The collective bargaining agreement, which the parties
agree governs the terms of Kruger's employment, provides that
"[t]he Chancellor may, after consultation with the appropriate
College Dean and the Provost, declare a vacancy to exist [in the
position of department chairperson]. The Chancellor shall make
known to the department in writing the reasons for this action." 
Nothing in the agreement suggests that a chairperson can only be
removed for cause. The fact that the Chancellor must state a
reason for the removal does not alter that conclusion. "Under
Massachusetts law a mere requirement that reasons be stated [for
discharging a public employee] does not mean that they must be
sufficient to constitute legal cause, or even that they be true. .
. . Manifestly this confers no property interest." Hagopian v.
Trefrey, 639 F.2d 52, 54 (1st Cir. 1981) (citing Fabrizio v. City
of Quincy, 404 N.E.2d 675, 676-77 (Mass. App. Ct. 1980)); see also
Lovelace v. Southeastern Mass. Univ., 793 F.2d 419, 422 (1st Cir.
1986) (per curiam) (requirement that university state
"justification" for non-renewal of teaching contract does not
create property interest under Massachusetts law). The district
court was correct to conclude that Kruger did not have a property
interest in her position as department chairperson. It did not
abuse its discretion in finding that she was not substantially
likely to succeed on her due process claim. 
 Kruger also alleged that her removal from the department
chair was in retaliation for protected speech, namely her
opposition in September 1996 and September 1997 to the proposed
restructuring or elimination of the Education Department and her
objection in December 1997 to Chancellor Cressy's request that she
be less difficult with her students. To make out a prima facie
case of a First Amendment violation, Kruger would have to show that
(1) she spoke on a matter of public concern; (2) her interest in
the speech outweighed any countervailing governmental interest in
promoting the efficient performance of the service provided by its
employees; and (3) the protected speech was a substantial or
motivating factor in an adverse employment decision. See Wytrwal
v. Saco School Bd., 70 F.3d 165, 170 (1st Cir. 1995). If she made
such a showing, the burden would shift to the defendants to show
that they would have reached the same decision absent the protected
speech. See id. (citing Mt. Healthy City Bd. of Educ. v. Doyle,
429 U.S. 274, 287 (1977)).
 Assuming arguendo that Kruger satisfied the first two
prongs of the three-part test, we agree with the district court
that she had "at best a marginal likelihood of success" on the
third. The significant lapse of time -- at least a year and a half
-- between the protected speech and Kruger's suspension and removal
as chairperson suggests that any connection is attenuated. More
importantly, the record is replete with serious and consistent
student complaints about Kruger's conduct. Although Kruger might
convince a trier of fact that those complaints were not credible
and that the administration used them as a pretext for retaliating
against her for her protected speech, the preliminary injunction
record certainly does not compel such a conclusion. The district
court did not abuse its discretion in holding that Kruger did not
show a substantial likelihood of success on her First Amendment
claim.
 Appeal dismissed in part; judgment affirmed.