FRANK C. REGAN *vs.* COMMISSIONER OF INSURANCE.

Suffolk.    October 2, 1961. — November 17, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Public Officer. Commonwealth,* Officers and employees. *Insurance,* Commissioner of insurance. *Retirement.*

Under G. L. c. 26, § 7, authorizing the Commissioner of Insurance to "appoint and remove, with the approval of the governor and council, . . . a chief examiner and such additional . . . examiners . . . as the service may require," the Commissioner was entitled to remove from office, with the approval of the Governor and Council, but without a notice or a hearing or an assignment of cause, one who had been appointed assistant chief examiner.    [205–206]

G. L. c. 32, § 16 (2), was inapplicable to the termination of service of the assistant chief examiner in the division of insurance although he was a member of the State retirement system and had completed more than

twenty years creditable service in the employ of the Commonwealth when he was removed from office under G. L.·c. 26, § 7, by the Commissioner of Insurance with the approval of the Governor and Council, and the State board of retirement had no authority to review the action of the Commissioner.   [206]

PETITION for a writ of mandamus filed in the Superior Court on April 12, 1955.

The case was heard by *Taveira, J.*

*James W. Kelleher,* for the petitioner.

*William F. Long, Jr.,* Assistant Attorney General, for the respondent.

SPIEGEL, J.   This is an appeal from an·order for judgment of the Superior Court dismissing a petition for a writ of mandamus to restore the petitioner to the office of assistant chief examiner in the division of insurance of the department of banking and insurance.

The case was heard upon a stipulation of agreed facts. The petitioner was appointed to the position of assistant chief examiner in January, 1949, by Charles F. Harrington, the then Commissioner of Insurance.   The appointment was made pursuant to G. L. (Ter. Ed.) c. 26, § 7,[1] and approved by the Governor and Council as required by that statute.   Regan continued in that office after the termination of Harrington's term in February, 1951, serving thereafter under Commissioners Dennis E. Sullivan from February, 1951, to April, 1953; Edmund S. Cogswell from April, 1953, to August, 1953; and Joseph A. Humphreys from August,.1953, to September 30, 1954.

---

[1] Section 7. "The commissioner of insurance may appoint and remove, with the approval of the governor and council, a first deputy, an actuary and a chief examiner and such additional deputies, examiners, assistant actuaries and inspectors as the service may require.   In case of a vacancy in the office of commissioner, and during his absence or disability, the first deputy shall perform the duties of the office, or in case of the absence or disability of such first deputy, the deputy who has been longest in the service of the division. The commissioner may appoint and remove such clerical and other assistants as the work of the division may require.   Such deputies, examiners, actuaries, inspectors, clerks and other assistants shall perform such duties as the commissioner may prescribe; provided, that any person aggrieved by any finding, ruling or decision rendered upon a hearing authorized by law held before a person other than the commissioner, may, within three days, or such further period in any particular case as the commissioner may allow, after the filing of such finding, ruling or decision in the office of the commissioner, appeal therefrom to the commissioner who shall review the case and may modify, affirm or reverse such ruling, finding or decision."

On September 30, 1954, the petitioner received a letter from Commissioner Humphreys stating that the petitioner was suspended from his employment pending an investigation of certain allegations of misconduct. Thereafter the petitioner ceased to perform the duties of assistant chief examiner although he was ready, willing, and able to perform said duties but was prevented from so doing by Humphreys and his successor in office.

After the receipt of the letter of September 30, 1954, the petitioner orally requested Humphreys to grant him a hearing upon the charges contained in the letter.

On November 18, 1954, Humphreys submitted to the Governor and Council the name of Charles B. Powers ". . . to fill the position of assistant chief insurance examiner . . ." replacing the petitioner.

On December 16, 1954, Humphreys set December 22, 1954, ". . . for the taking of evidence on the matter of reconsideration of the termination of . . . [the petitioner's] employment." The meeting took place on December 22, 1954. No evidence was introduced and no action was taken then or thereafter with respect to the petitioner's suspension.

On December 23, 1954, the Governor and Council approved the appointment of Charles B. Powers. On December 31, 1954, the petitioner "appealed" to the State board of retirement under G. L. c. 32, § 16 (2) (as amended through St. 1951, c. 784, § 2),[2] alleging that he had been unjustifiably removed.[3] That board, over the objection of the

[2] Section 16 (2). "The removal or discharge of any member in service classified in either Group A or Group B who has attained age fifty-five and has completed fifteen or more years of creditable service, or any member so classified who has not attained age fifty-five, but has completed twenty or more years of creditable service, shall not become effective unless and until a written notice thereof containing a fair summary of the facts upon which such action was based has been filed with the board. The procedure set forth in subdivision (1) of this section relative to delivery of copies, statement of service thereof, notice, hearing if requested, and the filing of a certificate of findings and decision, so far as applicable, shall apply to all proceedings involving such removal or discharge. Unless the board shall find that such removal or discharge was justified, such member shall forthwith be restored to his office or position without loss of compensation."

[3] On September 30, 1954, the petitioner was a member of the State retirement system and had completed more than twenty years of creditable service since entering the employ of the Commonwealth in 1929. REPORTER.

then Commissioner that the petitioner was not entitled to a hearing under the provisions of § 16 (2), *supra,* voted to proceed with the hearing and found that the petitioner should be restored to his position. The then Commissioner was notified of the decision of the State board of retirement, but refused to restore the petitioner to his position as assistant chief examiner. Humphreys' successor, Otis M. Whitney, the present Commissioner of Insurance, likewise has refused to do so.

The statute under which Regan was appointed, G. L. c. 26, § 7, *supra,* provides in pertinent part as follows: "The commissioner of insurance may appoint and remove, with the approval of the governor and council, a first deputy, an actuary and a chief examiner and such additional deputies, examiners, assistant actuaries and inspectors as the service may require." The Commissioner of Insurance is in charge of the division of insurance. G. L. (Ter. Ed.) c. 26, § 1. In order that he may secure the effective functioning of the division for which he is responsible, § 7 of that chapter, *supra,* gives him the power to appoint and remove subordinates, exercisable in his discretion and subject only to the approval of the Governor and Council.

When the power is given to remove "for cause," notice and an opportunity to be heard must be provided. *Ham v. Boston Bd. of Police,* 142 Mass. 90, 93. *Murphy v. Casey,* 300 Mass. 232, 234. The cause must be sufficient at law, and a finding must be made so that the sufficiency may be determined in court. *Lacy v. Selectmen of Winchendon,* 240 Mass. 118, 121. Where, as here, the power is given to appoint and remove ". . . additional deputies, examiners, assistant actuaries and inspectors as the service may require," no notice or hearing is required, *Bailen v. Assessors of Chelsea,* 241 Mass. 411, 414, and the determination of the sufficiency is in the discretion of the Commissioner. *Lacy v. Selectmen of Winchendon, supra.*

*O'Dowd v. Boston,* 149 Mass. 443, is distinguishable. It involved a statute which provided that the board of directors of the East Boston ferries could remove subordinates

". . . for such cause as they may deem sufficient and shall assign in their order for removal." The court stated at page 446 that, "If it was intended that the removal was to be upon charges and an adjudication, there was no occasion to say more than that it was to be for cause . . . . There must be a cause in fact for every removal, though in a removal at pleasure no cause need be given, and none can be judicially known." Even under such a statute, it was observed that the only qualification of the rule applicable to removal at pleasure was the requirement that the cause for removal be recorded. See *Ayers* v. *Hatch*, 175 Mass. 489, 492.

The statute in the case at bar requires no assignment of cause and there is, therefore, no occasion for inquiry into either the sufficiency or the reasonableness of the grounds for removal. Removal is at the pleasure of the Commissioner with the approval of the Governor and Council.

The petitioner contends that he was "removed or discharged" within the meaning of G. L. c. 32, § 16 (2), *supra*. This contention cannot be upheld. If there was a "removal or discharge" it would have to be as an exercise of power granted to the Commissioner under G. L. c. 26, § 7, *supra*, and the State board of retirement would have no authority to review such action of the Commissioner. Chapter 32, § 16 (2), of the General Laws has no application to the instant case.

In view of the above, we need not concern ourselves with the argument of the petitioner that his tenure survived that of the Commissioner who appointed him and that the rule of *Opinion of the Justices*, 275 Mass. 575, and *Howard* v. *State Board of Retirement*, 325 Mass. 211, is not applicable to the position which he held. See *Cieri* v. *Commissioner of Ins.*, ante, 181.

*Order for judgment affirmed.*