PATRICK F. McDONOUGH *vs.* COMMISSIONER OF PUBLIC WORKS. April 25, 1980. The plaintiff seeks reinstatement of his position as deputy chief counsel for the Department of Public Works, after discharge effective July 11, 1975, by the defendant without a written notice containing a fair summary of the facts upon which the defendant's action was based having been filed with the State Board of Retirement. The case was heard on a statement of agreed facts, and the judge entered judgment for the defendant. The issue is whether, before the plaintiff could be discharged from his position, he was entitled to the procedural protections of G. L. c. 32, § 16, by virtue of his being a "veteran . . . [with] ten . . . years of creditable service" with the Commonwealth. G. L. c. 32, § 16 (2), as amended through St. 1967, c. 826, § 22. We agree with the judge's conclusion that an examination of the legislation which created the plaintiff's position reveals that he was not so entitled, and we affirm.

· The plaintiff's position was originally authorized in the general appropriation act for the fiscal year 1974, St. 1973, c. 466, § 2, item 6010-0001, which provided in relevant part that, "notwithstanding the provisions of [G. L. c. 16, § 4], the commissioner [of public works] may appoint four additional assistants who shall serve at the pleasure of the commissioner and shall not be subject to [G. L. c. 31, the State civil service law] *and may also appoint a deputy chief counsel . . .* who shall not be subject to [G. L. c. 31] . . ." (emphasis supplied). The general appropriation acts for fiscal years 1975 and 1976 contained the same language. See St. 1974, c. 431, § 2, item 6010-0001, and St. 1975, c. 684, § 2, item 6010-0001. As did the judge below, we find the provisions of G. L. c. 16, § 4, to be applicable to the position of deputy chief counsel, based upon the introductory reference to that statute in item 6010-0001, as appearing in the various general appropriation acts. By G. L. c. 16, § 4; as amended through St. 1975, c. 706, § 15, the Legislature empowered the commissioner to "appoint and remove without regard to [G. L. c. 31], but with the approval of the governor" certain employees in the Department of Public Works, including "other experts and assistants," but limited the total number of positions to thirteen. Item 6010-0001, by authorizing positions in addition to the above-mentioned thirteen, should be read to supplement the provisions of c. 16, § 4.

The instant case finds its controlling precedent in *Regan* v. *Commissioner of Ins.*, 343 Mass. 202 (1961), and c. 16, § 4, finds its analogue in G. L. c. 26, § 7, the statute at issue in *Regan.* There, the court held that where power is given to "appoint and remove, with the approval of the governor and council," the removal is at the discretion of the appointing authority, subject only to the required approvals, and no notice or hearing is required. *Regan* v. *Commissioner of Ins., supra* at 205. General Laws c. 32, § 16(2), was held to be inapplicable to the termination of service of the employee. *Regan* v. *Commissioner of Ins., supra* at 206. See also *Barkin* v. *Milk Control Commn.,* 8 Mass. App. Ct. 517, 522 (1979).

The plaintiff concedes that c. 16, § 4, permits removal without cause. He argues, however, that c. 16, § 4, is inapplicable in the present case because the reference to that statute in item 6010-0001 of the appropriation acts for fiscal years 1974-1976, was intended to govern only the authorization for the "four additional assistants," and not that for the deputy chief counsel's position. He argues also that the omission of a provision in item 6010-0001, that the deputy chief counsel "serve at the pleasure of the commissioner," as appears in the authorization for the four assistants, indicates an intent by the Legislature that the deputy chief counsel be removable only for cause. As to the first argument, we think the plaintiff's interpretation is belied by the language of the proviso by which item 6010-0001 creates the job in question and which indicates that the proviso is to supplement the provisions of c. 16, § 4. As to the second argument, we are inclined to think, although we do not decide the question, that the Legislature intended to invest the commissioner with unqualified discretion to remove the four assistants, without any necessity of approval by the Governor, as required by c. 16, § 4. We do not think that the absence of language stating that the deputy chief counsel is to serve at the pleasure of the commissioner indicates a legislative intent that removal be for cause only. "The power to remove a person from a position need not be explicit; it can be implied." *Barkin* v. *Milk Control Commn., supra* at 521. Whether we view the position of deputy chief counsel as included in the category "other experts and assistants" in c. 16, § 4, or as a position of a type similar to those authorized by that statute, it is clear that item 6010-0001 should be interpreted in harmony with the intent of the Legislature expressed in c. 16, § 4. We therefore follow *Regan* v. *Commissioner of Ins., supra,* and hold that the plaintiff's removal was not subject to the provisions of c. 32, § 16, based on our conclusion that the commissioner was vested with discretion to determine the sufficiency for the grounds of dismissal of the plaintiff, subject only to the approval of the Governor.

*Judgment affirmed.*

*Walter H. Mayo, III (Jeffrey M. Graeber* with him) for the plaintiff.
*Alan K. Posner,* Assistant Attorney General, for the defendant.