Frank McCANN, Plaintiff,

v.

CITY OF LAWRENCE, Michael Sullivan, Individually and as Mayor, and Kevin Sullivan, Individually and as representative of City of Lawrence, Defendants.

Civil Action No. 08–11943–NMG.

United States District Court,
D. Massachusetts.

Sept. 25, 2009.

Scott F. Gleason, Gleason Law Offices, P.C., Haverhill, MA, for Plaintiff.

Jehanne M. Bjornebye, Michael S. Gardener, Meredith M. Leary, R. Robert Popeo, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, Boston, MA, for Defendants.

## ORDER

NATHANIEL M. GORTON, District Judge.

ORDER ON REPORT AND RECOMMENDATIONS accepted and adopted Action on motion: motion to dismiss allowed.

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

DEIN, United States Magistrate Judge.

August 19, 2009

### I. INTRODUCTION

The plaintiff, Frank McCann ("plaintiff" or "McCann"), is the Director of the Department of Public Works ("DPW") for the City of Lawrence, Massachusetts. By his "First Amended Complaint for Damages" (Docket No. 9) ("Compl."), McCann challenges his temporary suspension from his employment in 2007, and alleges that the suspension violated his procedural and substantive due process rights, as well as his equal protection rights under the Fourteenth Amendment to the United States Constitution. In addition he has asserted various state law causes of action. The defendants are the City of Lawrence, Michael Sullivan who is sued individually and as the Mayor of Lawrence, and the Mayor's brother, Kevin Sullivan, who is sued individually and as a representative of the City of Lawrence.

This matter is before the court on the Defendants' Motion to Dismiss by which the defendants seek to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted because, *inter alia*, McCann has not asserted a protected property interest in his employment with the City. For the reasons detailed herein, this court recommends to the

District Judge to whom this case is assigned that the Motion to Dismiss (Docket No. 11) be ALLOWED.

## II. *STATEMENT OF FACTS*

When ruling on a motion to dismiss brought under Fed.R.Civ.P. 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. *See Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir.1999). Applying this standard to the instant case, the relevant facts are as follows.

McCann began working for the City of Lawrence in March 1972. *Compl.* ¶ 5. In March 2002, he was appointed DPW Director for Lawrence—a position that he still holds. *Id.* ¶ 6. McCann contends that since February 2007, "the defendants have intentionally engaged in activities designed to intimidate, defame and harass him," including the following:

a. On February 9, 2007, the Mayor sent a letter to the plaintiff informing him that he was being placed on suspension for two weeks commencing February 12, 2007;

b. On February 11, 2007, the defendants contacted the plaintiff by telephone and threatened him with a criminal investigation by Federal and State prosecutors if he did not voluntarily resign; and

c. Following the two week suspension, the Mayor suspended the plaintiff again for an additional period of time.

*Id.* ¶ 7. McCann also alleges that he asked the defendants to timely and fully advise him of the specifics of his alleged misconduct, and that he demanded an opportunity to be heard in a timely fashion in response to the allegations made against him, but that the defendants ignored these demands. *Id.* ¶ 8. McCann avers that the disciplinary actions taken by the defendants violated § 3.7(b) of the Lawrence City Charter, entitled "Removal from Office," which provides for notice and an opportunity to be heard, and which allegedly vests exclusive authority over such disciplinary actions in the City Council. *Id.* ¶ 9. Additionally, McCann alleges that the defendants publicly and falsely accused him of mismanagement and insubordination, and that these accusations stigmatized and damaged his employment. *Id.* ¶ 11.

McCann names Michael Sullivan as a defendant individually and as Mayor of the City of Lawrence. *Id.* ¶ 3. He further alleges that Kevin Sullivan is a private individual, but was "acting on behalf of the defendants and involved in a traditionally public function" at all relevant times, and that he is being sued individually "and in his representative capacity." *Id.* ¶¶ 4, 13. McCann alleges, generally, that the defendants' actions violated his procedural and substantive due process rights as protected by the Fourteenth Amendment to the Constitution, violated the Fourteenth Amendment's equal protection clause, and violated numerous state law causes of action.

Additional facts will be provided below where appropriate.

## III. *ANALYSIS*

### A. *Motion to Dismiss Standard of Review*

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the non-moving party. *Cooperman,* 171 F.3d at 46. Dismissal is only appropriate if the complaint, so

viewed, fails to allege a "plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007)). " '[T]he issue is not whether the plaintiff will ultimately prevail, but whether that party is entitled to offer evidence to support its claims.' " *Raytheon v. Cont'l Cas. Co.*, 123 F.Supp.2d 22, 27 (D.Mass.2000) (quoting *Day v. Fallon Cmty. Health Plan, Inc.*, 917 F.Supp. 72, 75 (D.Mass.1996)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545, 127 S.Ct. at 1959 (internal quotations and citations omitted).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* However, courts "need not accept as true legal conclusions from the complaint or 'naked assertions' devoid of 'further factual enhancement.' " *Maldonado v. Fontanes*, 568 F.3d 263, 266 (1st Cir.2009) (citations omitted).

Applying these principles to the instant case mandates that the motion to dismiss should be allowed.

**B.  Liability Under 42 U.S.C. § 1983**

McCann contends that the defendants' conduct violated his Fourteenth Amendment rights by depriving him of procedural and substantive due process and equal protection under the laws. Although not expressly referenced in his complaint, McCann's civil cover sheet filed with the court makes it clear that these claims are being brought pursuant to 42 U.S.C. § 1983, and the First Amended Complaint will be so construed. *See Wilson v. Moreau*, 440 F.Supp.2d 81, 92 (D.R.I.2006) ("It is well established that 'a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but rather must utilize 42 U.S.C. § 1983.' ") (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.2001) (internal punctuation omitted)).

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quotations and citation omitted).  It states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action, at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. "A claim under section 1983 has two essential elements. First,

the challenged conduct must be attributable to a person acting under color of state law" and "second, the conduct must have worked a denial of rights secured by the Constitution or by federal law." *Soto v. Flores,* 103 F.3d 1056, 1061 (1st Cir.1997). In the instant case, the dispute centers on whether there was a violation of McCann's constitutional rights. Before that issue is addressed, however, the defendants have moved to dismiss the claims against the City and Michael and Kevin Sullivan in their official capacities on the grounds that the plaintiff has failed to state a cause of action against them under § 1983. As detailed below, this court agrees that the suit against the City and the Sullivans in their official capacities should be dismissed.

### Municipal Liability Under § 1983

■ In this action, McCann has named as defendants the City of Lawrence, its Mayor in his official capacity, and Kevin Sullivan, in his capacity as a representative of Lawrence. In such a case, the real party in interest is the City, and the claims against the City and the Sullivans in their official capacities will be treated together. As the Supreme Court explained:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.

*Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (internal citations and quotations omitted).

■ As a general statement, the City cannot be liable under § 1983 "unless its official policy or custom was the 'moving force' behind the alleged violation of constitutional rights." *Hayden v. Grayson,* 134 F.3d 449, 456 (1st Cir.1998) (citing *Monell v. Dep't of Soc. Serv. of N.Y.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978)). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986). In the instant case, it is undisputed that none of the actions complained of were conducted pursuant to any policy or custom. Nevertheless, the plaintiff contends that there is municipal liability because the Mayor is the "municipal policymaker" and "it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Id.* at 480, 106 S.Ct. 1292. However, under the facts as alleged in the instant case, this argument is unavailing. Even assuming, without deciding, that any act of the Mayor could bind the City under § 1983, municipal liability based on the acts of a policymaker can only be imposed "if it is made by the official charged with the final responsibility for making it under local law." *Harrington v. Almy,* 977 F.2d 37, 45 (1st Cir.1992). Here, McCann contends that the Mayor did not have the authority to order his suspension but, rather, had to defer to the City Council. Thus, McCann has failed to plead facts which would support a finding of municipal liability, and the federal claims against the City and the Sullivans in their official capacities should be dismissed.

## C. *Due Process Claims*

McCann contends that the defendants violated his Fourteenth Amendment rights to procedural and substantive due process. These claims must fail as the plaintiff has failed to establish that he had a protected property interest in his employment with the City.

▮ "In order to establish a procedural due process claim under § 1983, [a plaintiff] must allege first that [he] has a property interest as defined by state law and, second, that the defendants, acting under color of state law, deprived [him] of that property interest without constitutionally adequate process." *PFZ Props., Inc. v. Rodriguez,* 928 F.2d 28, 30 (1st Cir. 1991); *accord Jeneski v. City of Worcester,* 476 F.3d 14, 17 (1st Cir.2007). However, it is well-established that "government employment, in the absence of legislation, can be revoked at the will of the appointing officer." *Engquist v. Oregon Dep't of Agr.,* —— U.S. ——, 128 S.Ct. 2146, 2155, 170 L.Ed.2d 975 (2008) (quoting *Cafeteria & Rest. Workers Union v. McElroy,* 367 U.S. 886, 896, 81 S.Ct. 1743, 1749, 6 L.Ed.2d 1230 (1961)). "Under ordinary circumstances, an at-will employee lacks a reasonable expectation of continued employment (and, thus, has no property interest in [his] job)." *Gomez v. Rivera Rodriguez,* 344 F.3d 103, 111 (1st Cir.2003). Therefore, "ordinary dismissals from government service which violate no fixed tenure or applicable statute or regulation are not subject to judicial review even if the reasons for the dismissal are alleged to be mistaken or unreasonable." *Connick v. Myers,* 461 U.S. 138, 146–47, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983). In light of these principles, the only way for McCann to establish that he has a protected property interest in his position with the City is if such an interest was created by local law. *See Rosario–Torres v. Her-*

*nandez–Colon,* 889 F.2d 314, 319 (1st Cir. 1989) ("The sufficiency of a claim of entitlement to a property interest in public employment must be measured by, and decided with reference to, local law."). Here, local law does not establish such a protected property interest.

▮ McCann relies on Section 3.7(b) of the Lawrence City Charter to establish his protected property interest in his employment. (*See* Pl. Opp. (Docket No. 16) at 2; Compl. ¶ 9). It is undisputed that Section 3.7(b) reads as follows:

> **Removal from office.** The mayor may remove any person appointed under Sect. 3.7 by filing a written statement with the city council, setting forth the reason or reasons therefore a copy of which shall be delivered to the person whose removal is sought who may make a written replay [sic], which if (s)he desires may be filed with the city council and be a public record. The city council shall forthwith consider said removal. The removal of said person shall be sustained by a 2/3 majority vote of the council. The provision of Sect. 3.8(e) shall not apply.

(Def. Mem. (Docket No. 13) at 7). This provision does not create a property interest in McCann's employment. Where, as here, the law does not state that "cause" is required for removal, the employee remains an at-will employee and, therefore, does not acquire a property interest in his continued employment. *See Regan v. Comm'r of Ins.,* 343 Mass. 202, 206, 178 N.E.2d 81, 83 (1961) (where statute does not require an assignment of cause for removal from position, removal is at the pleasure of the appointing officer). Moreover, by its terms this provision only applies where an employee is being removed from office. "[A] temporary suspension does not constitute a removal." *In the Matter of John A. Markey,* 427 Mass. 797,

804–05, 696 N.E.2d 523, 528 (1998) (collecting cases). McCann was never removed from his position, so any protection that Section 3.7(b) may have afforded to employees whose employment was terminated has no application to the instant case.

In sum, because McCann has not established that he has a property interest in his continued employment as Director of DPW, his claim of a violation of his procedural due process rights must fail.

### Substantive Due Process

■■■■ McCann's contention that the defendants violated his substantive due process rights is equally unavailing. In alleging that the specific acts of an official violated his substantive due process rights, McCann "must show *both* that the acts were so egregious as to shock the conscience *and* that they deprived him of a protected interest in life, liberty or property." *Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir.2006) (emphasis in original). Though not precisely defined, conscience-shocking conduct "must at the very least be 'extreme and egregious' ... [and] 'mere violations of state law, even violations resulting from bad faith,' do not invariably amount to conscience-shocking behavior." *Id.* (quoting *DePoutot v. Raffaelly*, 424 F.3d 112, 119 (1st Cir.2005)).

■■■ For the reasons detailed above, McCann has failed to establish that he was deprived of a protected interest, and, therefore, his Fourteenth Amendment claim must fail. In addition, McCann's contentions that the defendants threatened him with criminal prosecution, and publicly accused him of mismanagement and insubordination, do not describe conduct "so brutal, demeaning, and harmful that it is shocking to the conscience." *Maymi v.*

*P.R. Ports Auth.*, 515 F.3d 20, 30 (1st Cir.2008). For this reason as well McCann's allegations are insufficient, and his substantive due process claims should be dismissed.

### Equal Protection

■■■■ As his final constitutional claim, McCann alleges that, in disciplining him for no reason, threatening him with criminal prosecution, publicly accusing him of mismanagement, and suspending him from employment without authority, the defendants violated the equal protection clause of the Fourteenth Amendment under a "class of one" theory. (*See* Pl. Opp. at 4). Under this theory, a plaintiff may establish that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074, 145 L.Ed.2d 1060 (2000). This claim must be dismissed because as the Supreme Court has expressly held, "the class-of-one theory of equal protection has no application in the public employment context[.]" *Engquist*, 128 S.Ct. at 2156. This holding was based on "the common-sense realization that government offices could not function if every employment decision became a constitutional matter." *Id.* (internal quotation omitted). Since McCann cannot maintain his equal protection claim as a matter of law, this claim should be dismissed as well.

### D. State Law Claims

■■■■ In light of this court's recommendation that the federal constitutional claims be dismissed, this court also recommends that the federal court decline to exercise its supplemental jurisdiction over the state law claims.[1] *See Camelio v. Am.*

---

1. For this reason, this court declines to assess the sufficiency of the allegations made in support of McCann's state law claims.

*Fed'n*, 137 F.3d 666, 672 (1st Cir.1998). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)). Where, as here, the federal claims are being dismissed at an early stage in the litigation, "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims[.]" *Id.* In the instant case, no party has put forth any reason why this court should not follow the ordinary rule and decline to exercise jurisdiction over the state law claims. Therefore, this court recommends that the entire complaint be dismissed.

### IV. *CONCLUSION*

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion to Dismiss (Docket No. 11) be ALLOWED.[2]

---

**2.** The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See* *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604–605 (1st Cir.1980); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn*, 474 U.S. 140, 153–54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).